UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Crosby

    v.                                Case No. 25-cv-106-JL-AJ

Commissioner, Social Security
Administration

## REPORT AND RECOMMENDATION

Self-represented plaintiff Richard Crosby filed a complaint in which he seeks an order to require the Social Security Administration ("SSA") to release all of its records pertaining to Crosby under the Privacy Act and the Freedom of Information Act, to explain its benefits payment in June of 2024, to declare that the SSA has violated Crosby's Fifth Amendment rights to due process, to require the SSA to pay Crosby interest on benefits, and to impose injunctive relief against the SSA to prevent delays. Doc. no. 1. The Commissioner moved to dismiss the complaint (doc. no. 8). In his opposition to the motion to dismiss, Crosby limited his claims to the Privacy Act. Doc. no. 14. Crosby also filed two motions to compel. Doc. nos. 9 & 11. The pending motions are referred to the undersigned magistrate judge for a recommended disposition. 28 U.S.C. 636(b)(1)(B).

### Background

Crosby's claims in this case arise from a SSA disability benefits award in 2013 that was changed in 2015 when the Appeals

Council reopened his case based on updated evidence showing that Crosby was not entitled to disability benefits. Crosby v. Soc. Sec. Admin., No. 22-CV-234-SE, 2022 WL 3544370, at *1 (D.N.H. Aug. 18, 2022). Although Crosby did not appeal the SSA's decision, seven years later Crosby filed suit in state court, seeking the disability benefits that the Appeals Council denied, and the SSA removed the suit to this court. Id. The SSA moved to dismiss, and the suit was dismissed for lack of subject matter jurisdiction under 42 U.S.C. § 405(g). Id. at *2. Crosby then filed five more suits against the SSA in this court, challenging the SSA's benefits decision and/or raising claims under the Privacy Act, which were all dismissed. Crosby v. Social Security Administration, 22-cv-469-SM (D.N.H. Nov. 21, 2022); Crosby v. Social Security Administration, 23-cv-108-LM (D.N.H. Feb. 10, 2023); Crosby v. Social Security Administration, 23-cv-379-SE-AJ (D.N.H. Aug. 14, 2023); Crosby v. Social Security Administration, 24-cv-166-LM-TSM (D.N.H. Sept. 23, 2024); Crosby v. Social Security Administration, 24-cv-399-LM-TSM (D.N.H. Nov. 26, 2024); Crosby v. Social Security Administration, 25-cv-106-JL-AJ (Mar. 20, 2025).

   In the current lawsuit, Crosby alleges that the SSA awarded him $166,000.00 in June of 2024 but only paid $61,000 of that

amount.[1] Doc. no. 1, at 2. The Commissioner confirms that the Appeals Council issued a final decision in Crosby's case on May 31, 2024, but does not confirm Crosby's allegations pertaining to an award and contends that the court lacks jurisdiction to consider a challenge to that decision. As narrowed in his objection to the motion to dismiss, however, Crosby's claims are all under the Privacy Act. He is seeking access to SSA records about him, correction of alleged errors by the SSA, and damages for violations of the Privacy Act.

## Discussion

As the court previously held, the Privacy Act requires administrative exhaustion under the agency's procedures before bringing a claim to compel an agency to produce records. Crosby v. Social Security Administration, No. 24—cv-166-LM-TSM, 2024 U.S. Dist. LEXIS 240044, 2024 WL 5416786, at *2 (D.N.H. Dec. 12, 2024). Most courts hold that the Privacy Act's administrative exhaustion requirement is jurisdictional. Id. Further, "[e]xhausting administrative remedies under the Privacy Act requires more than merely asking for the documents, and instead, a plaintiff must submit a Privacy Act request to the agency and seek review within the agency under the agency's regulations."

---

[1] He also alleged that the SSA owed him $105,000.00 in his prior suit, 24-cv-399-LM-TSM. The court concluded that jurisdiction was lacking to review the SSA's decision. 24-cv-399-LM-TSM, doc. no. 2.

Lantry v. Kendall, No. 23-cv-473-RDM, 2024 WL 1366788, at *8 (D.D.C. Mar. 31, 2024). Crosby v. Social Security Administration, No. 24-CV-166-LM-TSM, 2024 WL 5416775, at *1–2 (D.N.H. Sept. 23, 2024), report and recommendation approved sub nom. Crosby v. US Soc. Sec. Admin., No. 24-CV-166-LM-TSM, 2025 WL 551888 (D.N.H. Feb. 19, 2025) (internal quotation marks omitted). Although Crosby alleges that he has been trying to get his records from the SSA for years, he has alleged no specific facts to show what, if anything, he has done to satisfy the administrative exhaustion requirement or to show that exhaustion would be futile. See id., at *2.

Therefore, Crosby has not shown that the court has jurisdiction to consider his claim or claims under the Privacy Act. To the extent Crosby intended to maintain other claims alleged in the complaint, those claims should be dismissed for the reasons stated by the Commissioner.

## Conclusion

For these reasons, the district judge should grant the Commissioner's motion to dismiss (document no. 8), without prejudice to filing a properly supported action under the Privacy Act after exhausting administrative remedies. The district judge should dismiss Crosby's motions to compel (doc. nos. 9 & 11) as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

October 27, 2025

cc:  Richard Crosby, pro se
     Counsel of Record